UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| COLLEEN D. TRAVIS AND DANIELLE M. KING, | } | |
| | } | |
| Plaintiffs, | } | Civil Action, File No. |
| v | } | 14 civ 4320 (JSR) |
| | } | |
| MEL S. HARRIS & ASSOCIATES, LLC, | } | |
| MEL S. HARRIS, DAVID WALDMAN, | } | |
| SCOTT E.WORTMAN, P&B CAPITAL GROUP, LLC | } | |
| AND PINPOINT TECHNOLOGIES, LLC, | } | |
| | } | |
| Defendants. | } | |

**AMENDED COMPLAINT-CLASS ACTION**

**DEMAND FOR TRIAL BY JURY**

Plaintiffs, Colleen D. Travis [hereinafter "Travis"] and Danielle M. King [hereinafter "King"], complains of Mel S. Harris & Associates, LLC [hereinafter "MSH"], Mel S. Harris (hereinafter "Harris"), David Waldman (hereinafter "Waldman"), Scott E. Wortman (hereinafter "Wortman"), and Pinpoint Technologies, LLC ("Pinpoint") collectively, individually and in any combination known as MSH Defendants, and P&B Capital Group, LLC (hereinafter P&B), and shows the court the following:

1. This court has jurisdiction of this case pursuant to (1) section 1692k(d) of the Fair Debt Collection Practices ("FDCPA"), 15 U.S.C. § 1692k(d), and (2) 28 USCS § 1331.

2. Venue in this district is proper based on the location of MSH Defendants' principal place of business in this district; MSH Defendants' and P&B's regular transaction of business within this district; and MSH Defendants' and P&B having derived substantial revenue from services rendered in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for

this complaint having occurred in whole or in part in this district.

4.  Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5.  Travis is a natural person residing at 129 South Linden Street, Mechanicville, NY 12118.

6.  Travis is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7.  King is a natural person residing at 209 Millicent Avenue, Buffalo, NY 14215.

8.  King is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

9.  MSH is a limited liability corporation with a principal place of business located at 5 Hanover Square, 8th Floor, New York, NY 10004.

10. The principal purpose of MSH is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

11. MSH is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

12. Harris is an attorney and individual with a principal place of business located at MSH.

13. Harris is a member of MSH, holds himself out as a member of MSH, and/or controls and/or supervises the debt collection activities of MSH.  Harris is accordingly liable for the acts of MSH.

14. Harris also is a debt collector as defined by the FDCPA.

15. Waldman is an attorney and individual with a principal place of business located at MSH.

16. Waldman is a member of MSH, holds himself out as a member of MSH, and/or controls and/or supervises the debt collection activities of MSH.  Waldman is accordingly liable

2

for the acts of MSH.

17. Waldman also is a debt collector as defined by the FDCPA.

18. Wortman is an attorney and individual with a principal place of business located at MSH.

19. Wortman is a member of MSH, holds himself out as a member of MSH, and/or controls and/or supervises the debt collection activities of MSH.  Wortman is accordingly liable for the acts of MSH.

20. Wortman also is a debt collector as defined by the FDCPA.

21. Pinpoint is a New York limited liability company with a principal place of business at 64 Beaver Street, Suite 322, New York, NY  10004.

22. The principal purpose of Pinpoint is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

23. Pinpoint is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. Pinpoint by operation of law is vicariously liable for any violations of the FDCPA resulting from the action of the MSH Defendants or P&B.

25. P&B is a New York limited liability company with a principal place of business at 369 Washington St, Ste. 100, Buffalo, NY 14203.

26. The principal purpose of P&B is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

27. P&B is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

28. The debt allegedly owed by both Travis and King arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

29. On September 5, 2006, MSH commenced a consumer collections lawsuit against Travis on behalf of Pinpoint Technologies, LLC and obtained a default judgment against Travis in a case in the City Court of the City of Rensselaer, County of Rensselaer under Index No. C06-344 ("Travis State Action").

30. At the time of the commencement of the State Action, Travis resided at 129 South Linden Street, Mechanicville, NY 12118.

31. Travis never was served with the summons and complaint in the lawsuit and knew nothing about the existence of the lawsuit or the default judgment until she started receiving telephone calls from MSH on or about April 18, 2014.

32. On May 27, 2014, MSH as the attorney for Pinpoint Technologies, LLC and Travis' attorney entered into a written stipulation vacating the default judgment and discontinuing the State Action with prejudice.

33. On July 14, 2006, MSH commenced a consumer collections lawsuit against King on behalf of Pinpoint Technologies, LLC and obtained a default judgment against King in a case in the City Court of the City of Buffalo, County of Erie under Index No. CV-005592-06/BU ("King State Action").

34. City Court Act § 213. Section 213 of the City Court Act provides as follows:

> "§ 213. Residence or business within city.
>    (a)  In an action described in § 202, either a plaintiff or a defendant must:

      1.      be a  resident  of the city or of a town contiguous to such city, provided that such town is
         (i) within the same county, and
         (ii) contiguous to the city by land, and
         (iii) not within either Nassau or Westchester counties; or

      2.      have a regular employment within the city; or

      3.      have a place for the regular transaction  of  business within the city.

(b)    A corporation, association or partnership shall, for the purposes of this section, be deemed a resident of the city if it has an office or agency or regularly transacts business in the city.

(c)    The requirements of subdivision (a) shall not apply:

      1.      in an action described in § 404 (a), relative to a cause of  action arising within the city; or

      2.      in an  action  described  in § 405, relative to actions in rem or quasi in rem; or

      3.      in an action wherein service of summons is made pursuant to §  407, relative to service upon an attorney or clerk as agent of his client; or

      4.      to a counterclaim, cross-claim, third-party claim, interpleader claim, or claim asserted by or against a party who has intervened in the action.

(d)    The requirements of this section shall not be deemed jurisdictional; they shall be deemed waived by the plaintiff upon his commencing an action in the court, and they shall be deemed waived by the defendant unless he raises  the  objection by motion or in his responsive pleading as prescribed in § 1002 of this act. Notwithstanding waiver by the parties, the court may, on its own initiative at any time, dismiss an action which does not satisfy the requirements of this section.  Any dismissal under this section shall entitle the parties to the benefit of CPLR § 205, relating to an extension of time to commence a new action.

35. Travis at the time of the commencement of the State Action did not reside in the boundaries of the city where the City Court of Rensselaer is located or in a city contiguous to a city where the City Court of the City of Rensselaer is located.

36. Travis at the time of the commencement of the State Action did not reside in the County of Rensselaer.

37. Since Travis never was served in the State Action, she did not have an opportunity to submit a responsive pleading.  Therefore, she cannot be deemed to have waived his

objection to this court's jurisdiction under City Court Act § 213.   Casden v. Broadlake Corp., 263 N.Y.S.2d 345, 47 Misc.2d 847 (N.Y. City Ct., 1965).

38. King at the time of the commencement of the State Action did not reside in the boundaries of the city where the City Court of Buffalo is located or in a city contiguous to a city where the City Court of the City of Buffalo is located.

39. King never was served in the State Action; and therefore she did not have an opportunity to submit a responsive pleading, and cannot be deemed to have waived his objection to this court's jurisdiction under City Court Act § 213.   Casden v. Broadlake Corp., 263 N.Y.S.2d 345, 47 Misc.2d 847 (N.Y. City Ct., 1965).   King knew nothing about the existence of the lawsuit or the default judgment until she received the below-mentioned Income Execution.

40. 15 USC 1692i provides as follows:

> "**(a) Venue**
> Any debt collector who brings any legal action on a debt against any consumer shall—
> **(1)** in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
> **(2)** in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
> > **(A)** in which such consumer signed the contract sued upon; or
> > **(B)** in which such consumer resides at the commencement of the action.
> **(b) Authorization of actions**
> Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors."

41. There is no signed contract in a consumer credit card collection lawsuit such as the State Action; and a debt collector violates 15 USC 1692i if it does not bring an action to collect on the credit card debt "in the judicial district or similar legal entity in

which such consumer resides at the commencement of the action".   15 USC 1692i(a)(2)(B); and Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).

42. In New York state city courts such as the one in the State Action, the term "judicial district" as set forth in 15 USC 1692i(a)(2) "extends no farther than the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto".   Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011).

43. Although City Court Act § 213 grants a city court jurisdiction if a defendant has a regular employment within the city where the city court is located or has a place for the regular transaction of business within the city where the city court is located, it is a violation of 15 USC 1692i if the legal action is brought by a debt collector against a consumer and the basis for the jurisdiction under City Court Act § 213 is the location of the consumer's regular employment or place for the regular transaction of business.

## FIRST CAUSE OF ACTION-CLASS CLAIM

44. King repeats and realleges paragraphs 1-43 of this Complaint.

45. MSH Defendants violated 15 USC 1692i. by bringing the State Action against King in City Court of the City of Buffalo.

46. A consumer's failure or agreement not to exercise their rights under City Court Act § 213 does not amount to a waiver of the venue requirements of 15 USC 1692i.

47. An Income execution is a legal action on a debt governed by 15 USC 1692i.

48. On May 7, 2014, the MSH defendant issued an Income Execution against King out of the City Court of the City of Buffalo.

49. King at the time of the issuance of the Income execution did not reside in the boundaries of the city where the City Court of Buffalo is located or in a city contiguous to a city where the City Court of the City of Buffalo is located.

50. The issuance of the Income Execution against King out of the City Court of the City of Buffalo violated 15 USC 1692i.

## SECOND CAUSE OF ACTION-CLASS CLAIM

51. King repeats and realleges paragraphs 1-50 of this Complaint.

52. MSH Defendants, especially but not solely in light of the Second Circuit's decision in Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011), failed to conduct a meaningful review of whether they had a right to issue the Income Execution against King out of the City Court of the City of Buffalo.

53. As late as May 10, 2014, based on the following portion of an email from Hilary F. Korman, Esq. with a copy to Joel Vago, Esq who both are or were attorneys with MSH Defendants, MSH Defendants failed to conduct a meaningful review of whether they had a right to issue the Income Execution against King out of the City Court of the City of Buffalo:  "In any event, your interpretation of the Uniform City Court Act is incorrect – it is not based on zipcode, but rather geographic location to a given court house in conjunction with counties separated (or not) by water."

54. The issuance of the Income Execution against King out of the City Court of the City of Buffalo before ascertaining whether or not there was a right to issue the Income Execution against King out of the City Court of the City of Buffalo amounted to (1) a misrepresentation under 15 USC 1692e, (2) an unfair practice under 15 USC 1692f(1) and (3) harassment under 15 USC 1692d.

## THIRD CAUSE OF ACTION-CLASS CLAIM

55. King and Travis repeat and reallege paragraphs 1-54 of this Complaint.

56. The Second Circuit's decision in <u>Hess v. Cohen & Slamowitz</u>, 637 F.3d 117 (2d Cir. 2011) made it clear the term "judicial district" as set forth in 15 USC 1692i(a)(2) "extends no farther than the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto".

57. If not before the Second Circuit's decision in <u>Hess v. Cohen & Slamowitz</u>, 637 F.3d 117 (2d Cir. 2011), afterwards it was clear that King and Travis had been sued in a venue not authorized by 15 USC 1692i.  Despite this fact, MSH Defendants did not vacate the judgment against King or Travis or dismiss the case.

58. The failure to vacate the judgments and/or the continuation of collection attempts via the aforementioned income execution, etc. amounts to a violation of 15 USC 1692f and/or specifically 15 USC 1692f(1), constitutes harassment under 15 USC 1692d, and/or amounts to a violation of 15 USC 1692e(2)(A) and/or 15 USC 1692e(5).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

59. Travis and King repeat and reallege paragraphs 1-58 of this Complaint.

60. MSH Defendants and Pinpoint violated 15 USC 1692i. by bringing the State Action against Travis in City Court of the City of Rensselaer and by bringing the State Action against King in City Court of the City of Buffalo.

61. A consumer's failure or agreement not to exercise their rights under City Court Act § 213 does not amount to a waiver of the venue requirements of 15 USC 1692i.

62. MSH Defendants' issuance of the aforementioned Income Execution and P&B's telephone call were (1) attempts to collect a debt and (2) acts in connection with an

attempt to collect a debt based on judgment obtained in violation of 15 USC 1692i; and therefore were a continuation of the violation of 15 USC 1692i initially occurring upon the filing of each case in the city court.

63. The statute of limitations on this violation of 15 USC 1692i also was equitably tolled regarding King until she received the aforementioned Income Execution and regarding Travis until she received the telephone call for the following reasons:

   a. Based on the facts set forth in paragraphs 31 and 39 of this Complaint, Plaintiffs remained ignorant of and could not have discovered the violation of 15 USC 1692i. until at least the receipt of the aforementioned Income Execution and telephone call;

   b. A violation of 15 USC 1692i is not the type of violation of which a consumer would have known about before consulting an attorney and neither Plaintiff would have a reason to consult an attorney until they recently first learned of these collection actions and attempts;

   c. A violation of 15 USC 1692i is of such a nature as to be self-concealing; and

   d. MSH Defendants wrongfully attempted to conceal their violation of 15 USC 1692i as follows:

      i. At the latest, after the Second Circuit's decision in Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011), MSH Defendants knew they had been incorrect on the application and meaning of 15 USC 1692i regarding the proper venue to sue a consumer in a city court;

      ii. Based on the aforementioned email from Hilary F. Korman, Esq., MSH Defendants failed to properly train or supervise its employees, still

misunderstood the meaning and application of 15 USC 1692i or chose to

ignore the binding Second Circuit decision;

iii. MSH Defendants never took action to vacate the judgments, dismiss the

state actions, close its file or cease collection efforts;

iv. MSH Defendants failed to inform Pinpoint or P&B of a potential issue

with the Travis judgment; and

v. MSH Defendants issued the aforementioned Income Execution against

King in the same incorrect court in which it obtained the judgment

## FIFTH CAUSE OF ACTION

64. Travis repeats and realleges paragraphs 1-63 of this Complaint.

65. On 4/21/14, during a telephone conversation between a representative of P&B and a
non-attorney representative of Travis, the representative of P&B told the non-attorney
representative of Travis that P&B was going to serve papers on Travis and already
had served a warrant on her.

66. Upon information and belief, both of these statements were false and/or threatened
action to which there was no legal right to take.

67. P&B's representative's making of these statements violated 15 USC 1692d, 15 USC
1692e, 15 USC 1692e (5) and (10), 15 USC 1692f, and 15 USC 1692f (6).

## SIXTH CAUSE OF ACTION

68. Travis repeats and realleges paragraphs 1-67 of the Complaint.

69. On one or more occasions during a telephone conversation, the representative of P&B
did not properly identify themselves and/or identify themselves as a debt collector in
violation of 15 USC 1692e (11).

**SEVENTH CAUSE OF ACTION**

70. Travis repeats and realleges paragraphs 1-69 of the Complaint.

71. The above telephone conversation was P&B's initial communication to Travis.

72. Upon information and belief, at no point after P&B's initial communication with Travis did P&B send Travis the written notice required by 15 USC 1692g.

**SEVENTH CAUSE OF ACTION**

73. Travis repeats and realleges paragraphs 1-69 of the Complaint.

74. Neither Pinpoint nor P&B, especially but not solely in light of the misrepresentations in the aforementioned telephone call and the Second Circuit's decision in Hess v. Cohen & Slamowitz, 637 F.3d 117 (2d Cir. 2011), failed to conduct a meaningful review of Travis' file including whether the judgment upon which they were attempting to collect may be valid.

75. The content of the telephone call and the overall attempt to collect the debt based on the judgment without any prior meaningful review amounted to (1) a misrepresentation under 15 USC 1692e, (2) an unfair practice under 15 USC 1692f(1) and (3) harassment under 15 USC 1692d.

**CLASS ALLEGATIONS**

76. Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

77. The class consists of (a) all natural persons (b) sued by Defendants (c) in a City Court (d) to collect an amount owed under a consumer credit card account (e) where the person did not reside, at the time suit was filed, within the boundaries of the city containing that court and the towns within the same county that are contiguous by

land thereto and (f) where the original action was filed on or after July 14, 2006 through the date of the filing of this action.

78. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

79. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

80. Since a violation of 15 USC 1692i cannot be waived regardless of what occurs in the city court action, the predominant common questions are whether the action in the city court was to collect an amount owed under a consumer credit card account and whether the consumer at the time of the commencement of the action in the city court resided within the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto.

81. The first sub-class consists of (a) all natural persons (b) sued by Defendants (c) in a City Court (d) to collect an amount owed under a consumer credit card account (e) where the person did not reside, at the time suit was filed, within the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto (f) where the original action was filed on or after July 14, 2006 through the date of the filing of this action, (g) a judgment was obtained in the original action and (h) an Income execution or other legal action was issued out of the same city court as the original action.

82. The second sub-class consists of (a) all natural persons (b) sued by Defendants (c) in a City Court (d) to collect an amount owed under a consumer credit card account (e) where the person did not reside, at the time suit was filed, within the boundaries of

the city containing that court and the towns within the same county that are contiguous by land thereto (f) where the original action was filed on or after July 14, 2006 through the date of the filing of this action, (g) a judgment was obtained in the original action and (h) the judgment and the case was not dismissed at least after the aforementioned Second Circuit decision.

83. The third sub-class consists of (a) all natural persons (b) sued by Defendants (c) in a City Court (d) to collect an amount owed under a consumer credit card account (e) where the person did not reside, at the time suit was filed, within the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto (f) where the original action was filed on or after July 14, 2006 through the date of the filing of this action, (g) another debt collector took over from MSH Defendants attempting to collect the debt or MSH Defendants' client terminated its services and MSH Defendants failed to notify its client or the new debt collector of any potential violation of 15 USC 1692i.

84. The fourth sub-class consists of (a) all natural persons (b) sued by Defendants (c) in a City Court (d) to collect an amount owed under a consumer credit card account (e) where the person did not reside, at the time suit was filed, within the boundaries of the city containing that court and the towns within the same county that are contiguous by land thereto (f) where the original action was filed on or after July 14, 2006 through the date of the filing of this action, (g) Pinpoint took over from MSH Defendants attempting to collect the debt or transferred to another debt collector responsibility for attempting to collect the debt, and Pinpoint or the new debt

14

collector attempted to collect the debt based on the existence of the original action or a judgment obtained in the original action.

85. Plaintiffs will fairly and adequately represent the interests of the class members of each class. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

86. A class action is the superior means of adjudicating this dispute.

87. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendants for:

1. Statutory damages of $1,000 for each plaintiff;

2. Statutory damages of $1,000 for each class member in a total amount not to exceed the lesser $500,000 or 1% of the net worth of all the defendants;

3. Actual damages of King representing the emotional toll of discovering the income execution and the improper judgment and the emotional toll and cost of having to defend against the income execution and the improper judgment;

4. Actual damages of Travis representing the emotional toll resulting from the telephone call and the belief that her ownership rights or ability to live in her house were at risk, the emotional toll from discovering the improper judgment, and the emotional toll and cost of having to defend against the improper judgment;

5. Costs and attorneys' fees allowed as a result of this action;

6.   Any and all other relief deemed just and warranted by this court.


Dated:          July 31, 2014


/s/_____                    /s/_____
Mitchell L. Pashkin, Esq. (MP-9016)                    Jesse Langel, Esq. (JL-7079)
Attorney For Plaintiff                                 The Langel Firm
775 Park Avenue, Ste. 255                              Attorney For Plaintiff
Huntington, NY 11743                                   225 Broadway, Suite 700
T: (631) 629-7709                                      New York, NY  10007
F: (631) 824-9328                                      T: (646) 290-5600
                                                       F: (646) 964-6682